IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00299-BNB

EARL CROWNHART,

    Applicant,

v.

ANGELA MARIE LOOSE,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -7 2007

LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION

---

Applicant, Earl Crownhart, currently is confined at the Grand Junction, Colorado, Regional Center. On February 5, 2007, Mr. Crownhart submitted to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Crownhart is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Crownhart will be ordered to file an Amended Application.

Mr. Crownhart has failed to complete the Court-approved 28 U.S.C. § 2241 habeas corpus form in a manner that makes clear his claims and his attempts to exhaust those claims. It is not even clear that Applicant is challenging the execution of his sentence, which is the purpose of a § 2241 action. In order to pursue his claims in this action, Mr. Crownhart must allege, clearly and concisely, which of his constitutional

rights have been violated and how they have been violated with respect to the execution of his sentence.

To the extent the Court is able to identify Mr. Crownhart's claims, it appears that he is seeking to prosecute someone for acts committed against him. Applicant is not able to seek prosecution of another individual in a § 2241 action. As stated above the proper claims in a § 2241 action are those that address the execution of an applicant's sentence.

Mr. Crownhart's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Crownhart will be given an opportunity to file an Amended Application. In the Amended Applicant he is to address only issues that pertain to the execution of his sentence, if he desires to address such issues. In addition, Applicant also must demonstrate that he has exhausted his state remedies before he may raise his claims

2

in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Therefore, Mr. Crownhart must clarify in the Amended Application the specific steps he has taken to exhaust state remedies for the claims he is asserting in this action.

Applicant's request that the Court prosecute another individual is not proper in this action and will not be considered by the Court. Accordingly, it is

ORDERED that Mr. Crownhart file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that Mr. Crownhart's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Crownhart, together with a copy of this Order, two copies of the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form. It is

FURTHER ORDERED that if Mr. Crownhart fails within the time allowed to file an Amended Application as directed, the Application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion filed on March 2, 2007, Doc. No. 6, is denied as nonsensical.

DATED March 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00299-BNB

Earl Crownhart
Prisoner No. 185712
Grand Junction Regional Center
2800 D. Road
Grand Junction, CO 81501

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 3/7/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk